Filed 02/04/15     Case 15-02027     Doc 1

<pre>
1   Law Office of Stephen Murphy
    STEPHEN N. MURPHY #207102
2   622 Jackson St.
    Fairfield, CA 94533
3   Telephone: 707-425-3358
    Facsimile: 707-359-0211
4   E-mail: steve@murphyesq.net

5   Attorney for the Plaintiff
    RONALD LEE STUCKER, and
6   MARCINE ANN STUCKER
</pre>

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO

| | |
|---|---|
| In re: | Case No.: 13−34790 – D – 7 |
| RONALD LEE STUCKER, and<br>MARCINE ANN STUCKER, | Adv. Proc. |
| Debtors. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF INCOME TAXES** |
| RONALD LEE STUCKER, and<br>MARCINE ANN STUCKER, | |
| Plaintiffs,<br>v. | |
| OKLAHOMA TAX COMMISSION, | |
| Defendants. | |

COME NOW, RONALD LEE STUCKER and MARCINE ANN STUCKER, Debtors in the above-captioned Chapter 7 bankruptcy case and Plaintiffs herein (hereinafter referred to as "Plaintiffs"), by and through their attorney of record, Stephen N. Murphy, and bring their

**COMPLAINT TO DETERMINE DISCHARGEABILITY**      1
*STUCKER 13-34790*

COMPLAINT TO DETERMINE DISCHARGEABILITY OF INCOME TAXES (the "Complaint") against the OKLAHOMA TAX COMMISSION (hereinafter referred to as "Defendant"), seeking a determination from this Court that the income taxes owed to Defendant is dischargeable, and in support of this Complaint, respectfully alleges as follows:

## *JURISDICTION*

1. This Court has jurisdiction over this matter, which is a core proceeding by virtue of 28 U.S.C. § 157(b)(2)(l).

## *VENUE*

2. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## *PARTIES*

3. Plaintiffs, RONALD LEE STUCKER and MARCINE ANN STUCKER, filed a voluntary petition for bankruptcy relief under Chapter 7, of Title 11 of the United States Code, in this Court on November 20, 2013.

4. Defendant, OKLAHOMA TAX COMMISSION, is a governmental agency.

## *FACTS*

5. Plaintiffs' discharge was entered on March 5, 2014. The Chapter 7 Trustee distributed $3,335.00 to the Internal Revenue Service for a priority tax claim. There were no funds available for distribution to general unsecured claims.

6. Plaintiffs scheduled the following income tax as debts in their bankruptcy schedules: Oklahoma state income tax for tax year 1981 in the approximate amount of $5,857.37.

7. The claim of Defendant for income taxes due from Plaintiffs for the tax year 1981 are ones that are dischargeable in Plaintiffs' above-entitled bankruptcy case by virtue of 11 U.S.C. § 523(a)(1), in that these income taxes were for tax years more than three years before the filing of Plaintiffs' bankruptcy case, tax returns for such years were actually filed by Plaintiffs more

**COMPLAINT TO DETERMINE DISCHARGEABILITY**      2
*STUCKER 13-34790*

than two years before the filing of the bankruptcy case, and Plaintiffs are informed and believe that the taxes for such years were assessed more than 240 days before the filing of their bankruptcy case; the claim was duly scheduled in Plaintiffs' bankruptcy case as required by 11 U.S.C. § 521(1).

*PRAYER*

WHEREFORE, the Plaintiffs respectfully pray for judgment as follows:

a. For judgment determining that Plaintiffs' obligation and Defendant's claim for 1981 income taxes in the approximate sum of $5,857.37, together with penalties and interest thereon, is dischargeable in Plaintiffs' bankruptcy.

b. For such further relief as the Court considers proper.

Respectfully submitted,

Dated:　February 4, 2015　　　　　　　　　　　/s/ Stephen N. Murphy
　　　　　　　　　　　　　　　　　　　　　　STEPHEN N. MURPHY
　　　　　　　　　　　　　　　　　　　　　　*Attorney for the Plaintiff*

**COMPLAINT TO DETERMINE DISCHARGEABILITY**　　　3
*STUCKER 13-34790*